**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MULLEN, | : | CIVIL CASE |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| NORFOLK SOUTHERN | : | NO. 13-6348 |
| RAILWAY COMPANY, | : | |
| Defendant. | : | |

**MEMORANDUM RE DEFENDANT'S MOTION TO DISMISS OR, IN THE**
**ALTERNATIVE, FOR TRANSFER**

Baylson, J.                                                                           April  8, 2014

## I.      Introduction

The present lawsuit involves a claim under 49 U.S.C. § 20109, the Federal Railroad

Safety Act ("FRSA").  Plaintiff alleges that Defendant wrongly terminated his employment after

he had protested violations of safety regulations and raised his concerns with his supervisors.

Defendant has moved to dismiss this claim, claiming that subject matter jurisdiction does not

properly lie in federal district court, and if it did, this Court would not be the appropriate venue

for the claim.  Alternatively, Defendant asks this Court to transfer venue to the Western District

of Pennsylvania.

## II.     Procedural History

Plaintiff filed an initial complaint against Defendant with the United States Department

of Labor's Occupational Safety and Health Administration ("OSHA") on April 28, 2011.  ECF 1

¶ 7.  His complaint alleged similar wrongdoing on the part of Defendant – i.e., that Defendant

retaliated against him in violation of the whistleblower protection provisions of the FRSA and its

implementing regulations.  OSHA dismissed Plaintiff's complaint.

Plaintiff then requested review of his claim before a Department of Labor Administrative

Law Judge ("ALJ") on October 27, 2011.  Id.  On April 30, 2013, the ALJ issued a Decision

Order Dismissing Complaint, finding that Norfolk Southern established by clear and convincing evidence that it would have taken adverse action against Mullen even in the absence of protected activity.

Plaintiff filed a petition for review with the Administrative Review Board ("the ARB") on May 10, 2013.  Id.  On June 6, 2013, Plaintiff sent notice of his intent to file an action in federal court to the Office of Administrative Law Judges and OSHA.[1]  Id. ¶ 8.  On June 13, 2013, the Administrative Review Board issued an Order to Show Cause.  ECF 8 (Mot. to Dismiss), Ex. E (Order to Show Cause).  The ARB noted that:

> If the ARB has not issued a final decision within 210 days of the date on which the complainant filed the complaint, and there is no showing that the complainant has acted in bad faith to delay the proceedings, the complainant may bring an action at law or equity for de novo review in the appropriate United States district court, which will have jurisdiction over the action without regard to the amount in controversy.

Id. at 2 (citing 49 U.S.C. § 20109(d)(3); 29 C.F.R. § 1982.114).  The ARB then stated:

> Accordingly, we order the parties to SHOW CAUSE no later than June 24, 2013, why the [ARB] should not dismiss [Plaintiff's] claim pursuant to 29 C.F.R. § 1982.114.  Should the parties fail to timely reply to this Order, the [ARB] may dismiss the claim without further notice.

Id.

On July 9, 2013, the ARB issued a "Final Decision and Order Dismissing Complaint." ECF 8 (Mot. to Dismiss), Ex. F (Final Decision and Order).  There, the ARB observed that Plaintiff did not respond to the ARB's Order to Show Cause and that Defendant responded, stating that it did not object to the dismissal with prejudice of Plaintiff's complaint, but that it

---

[1] 29 C.F.R. § 1982.114 provides:
> Fifteen days in advance of filing a complaint in Federal court, a complainant must file with the Assistant Secretary, the ALJ, or [the ARB], depending upon where the proceeding is pending, a notice of his or her intention to file such complaint.

reserved the right to contend in federal district court that Plaintiff's federal court complaint is barred by claim/issue preclusion, waiver, estoppel, failure to exhaust remedies, or any other legal doctrine.  Id. at 2-3. The ARB then concluded:

> Accordingly, in accordance with 29 C.F.R. § 1982.114 and [Plaintiff's] notification of his intent to proceed in district court and given his failure to respond to the ARB's Order to Show Cause, we DISMISS [Plaintiff's] complaint.

Id. at 3.

Plaintiff filed his Complaint against Defendant in this Court on October 30, 2013.  ECF 1.  On February 7, 2014, Defendant filed a Motion to Dismiss for Lack of Jurisdiction and Improper Venue, or in the Alternative, Transfer Venue ("Motion to Dismiss") along with accompanying exhibits.  ECF 8.  On February 21, 2014, Plaintiff filed his Opposition to Defendant's Motion to Dismiss.  ECF 9.  Defendant filed a Reply in Support of the Motion to Dismiss on February 28, 2014.  ECF 10.

Plaintiff asserts that this Court has jurisdiction under 28 U.S.C. § 1331 and 49 U.S.C. § 20109, and that venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.    The Statute

Section 20109 of the FRSA provides:

> A railroad carrier engaged in interstate or foreign commerce, or an officer or employee of such a railroad carrier, shall not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee for reporting, in good faith, a hazardous safety or security condition.

§ 20109(b)(1)(A).

Section 20109(d) addresses the enforcement of the statute, and states that:

> An employee who alleges discharge, discipline, or other discrimination in violation of subsection (a), (b) or (c) of this section, may seek relief in accordance with the provisions of this section, with any petition or other request for relief under this

> section to be initiated by filing a complaint with the Secretary of
> Labor.

49 U.S.C.A. § 20109(d).  Subsection (3) discusses de novo review in the federal courts:

> With respect to a complaint under paragraph (1), if the Secretary of
> Labor has not issued a final decision within 210 days after the
> filing of the complaint and if the delay is not due to the bad faith of
> the employee, the employee may bring an original action at law or
> equity for de novo review in the appropriate district court of the
> United States, which shall have jurisdiction over such an action
> without regard to the amount in controversy, and which action
> shall, at the request of either party to such action, be tried by the
> court with a jury.

49 U.S.C.A. § 20109(d)(3).  The accompanying regulation, 29 C.F.R. § 1982.114, reiterates

these requirements for de novo review.

## IV.    Parties' Contentions

### A.  Motion to Dismiss

Defendant moved to dismiss for lack of jurisdiction, arguing that Plaintiff cannot

demonstrate that the "Secretary of Labor has not issued a final decision within 210 days after the

filing of the complaint" as required by the statute, because the ARB issued a Final Decision and

Order prior to Plaintiff filing the Complaint in the present action.  Defendants rely on the

Department of Labor's commentary to 29 C.F.R. § 1982.114(a), which states:  "It is the

Secretary's position that complainants may not initiate an action in Federal court after the

Secretary issues a final decision, even if the date of the final decision is more than 210 days after

the filing of the complaint."  75 Fed. Reg. 53526 (Aug. 31, 2010).

Defendant argues that the Final Decision and Order, entered on July 9, 2013, constituted

a "final order" as contemplated by the statute.  Defendant points out that the ARB acts as the

highest level or review within the Department of Labor and the FRSA regulations provide for no

further administrative proceedings following a final order of the ARB, and the only recourse for

a review of the ARB's decision is in the federal circuit courts.   Defendant also argues that the language used by the ARB in its Final Order and Decision establishes a clear intent that its Order would operate as a final and complete resolution of Plaintiff's administrative claims.  Finally, Defendant suggests that Plaintiff could have avoided the jurisdictional problems he now faces simply by filing his Complaint in district court within 15 days after providing notice of his intent to initiate a federal action.

Defendant also argues that the general venue provision, 28 U.S.C. § 1391 does not apply where venue is otherwise specified by law, as in the case of the FRSA.  The FRSA provides that a federal action can be brought, if the jurisdictional requirements are met, "in the appropriate district court of the United States."  Moreover, the immediately preceding section of the statute provides that "[i]f a person fails to comply with an order issued by the Secretary of Labor … the Secretary of Labor may bring a civil action to enforce the order in the district court of the United States for the judicial district in which the violation occurred."  49 U.S.C. § 20109(d)(2)(iii). Defendant contends that the use of the definite article "the" in subsection (d)(3) establishes that Congress only intended one judicial district to have jurisdiction and that the similar use of "the" in the previous section indicates that "the appropriate district court" is the one "in which the violation occurred."

Even if this Court disagrees with Defendant's interpretation of the statute with respect to venue, Defendant nevertheless asks the Court to exercise its discretion to transfer venue to the Western District of Pennsylvania, since consideration of the private and public factors dictates that court as the most appropriate forum.

### B.  Opposition to Motion to Dismiss

Plaintiff argues that he satisfied all jurisdictional requirements for bringing this federal action – he waited 210 days after filing his administrative complaint and then filed a notice of his

intent to bring this federal action.  Plaintiff argues the statute does not require that he initiate his federal action prior to a final decision from the Secretary, but instead, only requires that a final decision not have been issued in the 210 days after he filed his administrative complaint.

Even if the statute did require that he initiate his suit prior to a final decision from the Secretary, Plaintiff argues that he did so since the July 9, 2013 Order does not constitute a final order as contemplated by § 20109.  Plaintiff's argument draws a distinction between a final order on the merits of a claim and a so-called "kick-out based dismissal," which he contends, is merely an acknowledgement that he intended to pursue his claims in federal court thus ending the agency's jurisdiction.  Plaintiff argues that such a dismissal is a non-substantive closing of the administrative file and does not affect his rights to file a de novo suit in federal court.  Plaintiff argues that this Court should not find that this kind of dismissal is a "final order" defeating jurisdiction in federal court because such a conclusion would be contrary to public policy, logic, and the purpose of the FRSA and would, in effect, create an unstated statute of limitations, hich would be in derogation of the period already provided by the statute.  ECF 9 (Pl.'s Opp'n to Def.'s Mot. to Dismiss) at 19-23.

Plaintiff also argues that venue is proper in this Court since the statute does not preclude venue here and the plaintiff's choice of forum should receive substantial deference.  Plaintiff suggests that Defendant's argument seeks to convert a jurisdictional statute into a venue provision, but that is clear in promulgating venue provisions in other statutes and the exclusion of such a provision here can be considered intentional.  However, Plaintiff did not object to transferring the action to the Western District of Pennsylvania.

### C.  Defendant's Reply

In the Reply, Defendant reiterates its argument that Plaintiff did not file his federal action until after the Department of Labor issued a final decision on his administrative complaint.

Defendant argues that Plaintiff could have either responded to the ARB's Order to Show Cause by explaining why his complaint should not have been dismissed, or filed his Complaint in federal court, but that his failure to take either of these actions resulted in a final decision from the ARB.  Defendant also cites cases where the Department of Labor issued an order that made clear it was not a final determination to argue that the ARB's failure to do so in the present dispute demonstrates that it intended the dismissal to be final.  ECF 10 (Reply in Support of Mot. to Dismiss) at 5 n.6.  Finally, Defendant disputes Plaintiff's assertion that a decision must be "on the merits" in order to be final under the statute.

## V.    Legal Standard

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction presents either a facial or a factual attack.  <u>CNA v. United States</u>, 535 F.3d 132, 139 (3d Cir.2008); <u>see</u> Fed. R.Civ. P. 12(b)(1).  A facial attack "concerns an alleged pleading deficiency, whereas a factual attack concerns the actual failure of a plaintiff's claim to comport factually with the jurisdictional prerequisites."  <u>CNA</u>, 535 F.3d at 139 (internal quotation marks omitted).

The parties do not dispute the facts material to the issue at hand, so we consider Defendants' challenges to be factual, not facial, ones.  <u>See</u> <u>Gould Electronics, Inc. v. United States</u>, 220 F.3d 169, 176-77 (3d Cir. 2000).

When a party moves to dismiss under Rule 12(b)(1) through a factual attack, three consequences follow.  First, the plaintiff bears the burden of proof of subject matter jurisdiction.  Second, there is no a presumption of truthfulness.  Third, the district court is authorized to make factual findings and to review documents outside of the pleadings in doing such.  <u>CNA</u>, 535 F.3d at 145; <u>Gould Electr.</u>, 220 F.3d at 176-77.  "If the defendant contests any allegations in the pleadings, by presenting evidence, the court must permit the plaintiff to respond with evidence supporting jurisdiction.  The court may then determine jurisdiction by weighing the evidence

presented by the parties.  However, if there is a dispute of a material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination."  <u>Gould Electr.</u>, 220 F.3d at 177 (internal citations omitted).

**VI.    Discussion**

    **A.  Jurisdiction**

The statute states that an employee may bring an original action in federal district court "if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee … ."  The parties dispute two key issues.  The first issue is whether the ARB's July 9 Order constituted a final decision under the FRSA.  The second is whether a final decision from the Secretary, issued more than 210 days after the filing of the administrative complaint but before the employee initiated a federal action, prevents a district court from conducting a de novo review.

       **1.   Does the July 9 Order Constitute a Final Order for Purposes of § 20109?**

The first question I must address is whether the ARB's July 9 Order constituted a final decision of the Secretary as contemplated by the statute.  The case law is unclear on this point. <u>See</u> <u>Sun Shipbuilding & Dry Dock Co. v. Benefit Review Bd., U. S. Dep't of Labor</u>, 535 F.2d 758, 760 (3d Cir. 1976) (Whether a particular order or judgment in a proceeding is a 'final' order for purposes of appealability frequently poses a difficult problem.").  Defendant argues that the ARB's dismissal constituted a final order.  However, the case law cited by Defendant involves cases where the employee failed to appeal or otherwise pursue his remedies within the specified time period, and a previous decision from a lower court thus became final.  Such cases are easily distinguished here, where Plaintiff appealed the ALJ's decision and where his case was before the ARB.

Plaintiff argues that the July 9 Order is better understood as a routine closing of the administrative case file because the ARB recognized that Plaintiff had chosen to pursue his remedies in federal court and because the ARB did not address the merits of the complaint. Plaintiff does not cite any case law mirroring the present circumstances, rather relying on cases where the Secretary did not issue any decision at all until after the employee filed the federal action.  Plaintiff does, however, attach several administrative determinations as exhibits.  In some of these, the administrative order makes clear that the court dismissed the administrative proceeding in acknowledgement and anticipation of the employee's pursuit of remedies in federal district court.  See, e.g., ECF 9 (Pl.'s Opp'n to Def.'s Mot. to Dismiss), Ex. 11 (issuing a "Final Decision and Order Dismissing Complaint" because employee intended to file a federal action and noting that, "if [employers] have substantive arguments in opposition to [employee's] complaint, they may raise them in the district court action").[2]  Some of these determinations can be distinguished – whether because the order is clearer that it is withdrawing the proceedings or dismissing the proceedings without prejudice, or because the employee filed a motion to withdraw the administrative complaint – but, taken in total, they bolster Plaintiff's claim that these types of dismissals occur routinely where an employee indicates an intention to pursue a de novo action in federal district court.

In the present dispute, the ARB issued an Order to Show Cause two days after receiving Plaintiff's Notice of Intention to File Original Action in the United States District Court.  The ARB directed the parties to show cause no later than June 24, 2013 as to why the ARB should not dismiss the claim pursuant to 29 C.F.R. § 1982.114, the regulation that permits an employee

---

[2] Here, the administrative complaints arose under the Sarbanes-Oxley ("SOX") whistleblower statute.  However, the parties agree that the statutory requirements and procedures closely mirror those of the FRSA such that cases and administrative decisions in the SOX context are informative.

from seeking de novo review.  Although Plaintiff did not respond to that Order to Show Cause, Defendant did respond, stating that it did not object to the dismissal but reserved its rights to offer certain defenses in the federal action.  ECF 8, Ex. F (July 9, 2013 Final Decision and Order Dismissing Compl.) at 2.  The ARB then issued its Final Decision and Order Dismissing Complaint, in which it render the following determination:  "Accordingly, in accordance with 29 C.F.R. §1982.114 and Mullen's notification of his intent to proceed in district court and given his failure to respond to the ARB's Order to Show Cause, we DISMISS Mullen's complaint."  Id. Although it is not clear what the ARB meant by the phrase "given his failure to respond to the ARB's Order to Show Cause," the context of this Order strongly suggests that the ARB intended only to end administrative proceedings in light of the fact that Plaintiff decided to pursue his remedies in federal court, and that the ARB did not intend for its July 9, 2013 Order to constitute a final administrative disposition of the complaint.  Furthermore, the Third Circuit has been clear that the title of an order or decision does not conclude the inquiry.  Sun Shipbuilding & Dry Dock Co. v. Benefit Review Bd., U. S. Dep't of Labor, 535 F.2d 758, 760 (3d Cir. 1976) (noting that the "resolution ought not to be guided solely by whatever label the Board affixes to its action").

For these reasons, I conclude that the July 9, 2013 Order is best viewed as a routine and non-substantive closing of the administrative proceedings in anticipation of Plaintiff's pursuit of his remedies in federal court.  See, e.g., Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic, 400 U.S. 62, 71, 91 S. Ct. 203, 209, 27 L. Ed. 2d 203 (1970) ("[T]he relevant considerations in determining finality are whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will

10

flow from the agency action."); 2 Fed. Proc., L. Ed. § 2:318 ("In order to be final and therefore subject to review under the APA, the action must mark the consummation of the agency's decision-making process, rather than merely be tentative or interlocutory in nature, and the action must be one by which rights or obligations have been determined or from which legal consequences will flow.").

### 2. Can a Plaintiff Initiate Action in Federal District Court after the Secretary Issues a Final Order?

Plaintiff argues that even if the July 9 Order was final, this Court nevertheless has jurisdiction.

This issue arose in a recent decision by another court in this district.  In <u>Glista v. Norfolk Southern Railway Co.</u>, Judge O'Neill found that "the plain meaning of [§ 20109(d)(3)] is clear" and that it does not prevent de novo review where the Secretary renders a final decision 210 days after an employee filed the administrative complaint but prior to the employee initiating a federal suit.  <u>See</u> Mar. 21, 2014 Letter from Pl.'s Counsel to Court (attaching <u>Glista v. Norfolk So. Rwy. Co.</u>, No. 13-04668 (E.D. Pa. Mar. 21, 2014) (O'Neill, J.)).  Rather, Judge O'Neill found that the statute requires only that the Secretary has not issued a final decision within 210 days of the filing of the administrative complaint and that the delay has not been caused by the employee's bad faith.  In reaching this result, Judge O'Neill declined to defer to the Department of Labor's commentary on its regulations, because he found the kick-out provision of the FRSA to be unambiguous.[3]  <u>Id.</u> at 7.

---

[3] The commentary states that "[i]t is the Secretary's position that complainants may not initiate an action in Federal court after the Secretary issues a final decision, even if the date of the final decision is more than 210 days after the filing of the complaint."  75 Fed. Reg. 53526 (Aug. 31, 2010)).

However, having determined that the July 9 Order from the ARB did not constitute a final order, I need not and, therefore, decline to reach this secondary question. I thus turn to the issue of venue.

## B. Venue

Section 1391(b), titled "Venue in general" provides that:

> A civil action may be brought in (1) a judicial district in which any defendant resides …; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Defendant argues that the FRSA supplants this general venue provision.

### 1. Does the FRSA Limit Venue to One Venue, thus Requiring Transfer?

Defendant looks to two sequential sections of the FRSA to bolster its argument that the statute deviates from the general venue rules and instead establishes venue for a de novo federal court action in only one district court. First, in § 20109(d)(2)(A)(iii), the statute uses the definite article "the" to proscribe where the Secretary may file an enforcement action: "in the district court of the United States for the judicial district in which the violation occurred." 49 U.S.C. § 20109(d)(2)(A)(iii). In the very next section, § 20109(d)(3), the statute again uses the definite article "the" when authorizing a complainant to bring a de novo action "in the appropriate district court." Defendant argues that these sections, read in tandem, make clear Congress' intent to limit the proper venue for a de novo federal action to one, single judicial district – the district where the violation occurred.

Defendant notes that the issue of the correct venue for a de novo FRSA action has not been addressed by the Third Circuit. See ECF 8-2 (Def.'s Mem. in Supp. of Mot. to Dismiss) at 14. Defendant relies on Carnero v. Boston Scientific Corp., a First Circuit opinion discussing a

SOX claim, in support of its position.  433 F.3d 1, 17 (1st Cir. 2006).  Carnero involved a SOX whistleblowing claim where the whistleblower-plaintiff was a citizen of Argentina working for the Defendant in Brazil.  The court sought to determine whether the SOX whistleblowing statute, 18 U.S.C. § 1514A, had extraterritorial effect.  The court held that the statute did not have extraterritorial effect and affirmed the district court's dismissal of the claim.  In a section titled "Other Factors," the court addressed other factors that supported its conclusion, including a discussion of the statute's venue provisions.  The court noted that the statute allowed for de novo review in "the appropriate court" but did not define that term.  The court then stated that related provisions – including a section providing for appellate review in the circuit in which the violation allegedly occurred or the circuit in which the complainant resided on the date of the alleged violation – "suggest[ed] that the appropriate court is one in the jurisdiction of which the whistleblower violation occurred or the complainant resided."  Id. at 17.  The court makes these observations in clear dicta, and only to further bolster its conclusion that "Congress simply did not contemplate the filing of administrative complaints by foreign employees working abroad, and hence enacted no comprehensive set of venue provisions suited to that eventuality."  Id. Nevertheless, Defendant argues that this reasoning is persuasive and illustrative of Congress's intent to limit venue in the FRSA to the district where the violation occurred.

Less persuasive is Defendant's reliance on United States v. Grimes, where the Eighth Circuit interpreted language in the Speedy Trial Act that required a trial of a defendant charged to commence within seventy days from the filing date or "from the date the defendant has appeared before a judicial officer of the court in which such charge is pending."  702 F.3d 460 (8th Cir. 2012) (quoting 18 U.S.C. § 3161(c)(1)).  The court observed that "Congress's use of the definite article 'the' followed by the singular noun 'court' suggests that the phrase 'the court'

refers to a single district court, rather than all ninety-four district courts that make up the federal court system." Id. at 466.  The language in the Speedy Trial Act, however, does not just refer to "the court," but rather, "the court in which such charge is pending."  Clearly, this language only refers to one district court, since a charge can only be pending in one court.  Thus, Grimes is easily distinguished from the present dispute.

Plaintiff asks this Court to adopt the reasoning of the Southern District of Illinois in Gouge v. CSX Transport., Inc.  No. 12-cv-1140, 2013 WL 3283714 (S.D. Ill. June 28, 2013). There, the court considered the same argument offered by Defendant here:  that venue lies only in the district court where the violation occurred.  The court rejected that argument and denied the motion to dismiss for improper venue.  The district court set forth its rationale succinctly:

> Clearly, § 20109(d)(3) does not contain a special rule for venue and does not define "the appropriate district court."  The Court agrees with plaintiff that Congress has been clear in promulgating venue in other federal statutes.  Since Congress failed to specify venue in FRSA, the Court finds that federal venue statute 28 U.S.C. § 1391(b)(1) applies in this matter and that venue is proper in this judicial district.

Id. at *2 (internal citations omitted).

I find the reasoning of Gouge to be persuasive, particularly because that court addressed the exact same question as the one at issue here.  Thus, I find that § 20109(d)(3) does not supplant the general venue guidelines set forth in 28 U.S.C. § 1391(b).  Nevertheless, the question arises as to whether venue would be more appropriate in the Western District of Pennsylvania.

### 2.  Even if not Required to Do So, Should this Court Transfer Venue?

A district court enjoys broad discretion to transfer venue.  Section 1404(a) provides that:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

The Third Circuit has set forth a number of private and public factors for a court to consider in deciding whether to transfer venue, including:  (i) the plaintiff's forum preference; (ii) the defendant's preference; (iii) whether the claim arose elsewhere; (iv) the convenience of the parties as indicated by their relative physical and financial condition; (v) the convenience of the witnesses to the extent that the witnesses may be unavailable for trial in one of the fora; (vi) the location of records to the extent that they could not be produced in the alternative forum; (vii) the enforceability of the judgment; (viii) practical considerations that could make the trial easy, expeditious, or inexpensive; (ix) the relative administrative difficulty in the two fora resulting from court congestion; (x) the local interest in deciding controversies at home, (xi) the public policies of the fora; and (xii) the familiarity of the trial judge with applicable state law in diversity cases.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995).

The moving party bears the burden of establishing that a balancing of proper interests weigh in favor of the transfer.  In re U.S., 273 F.3d 380, 388 (3d Cir. 2001) (quoting Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (internal quotation marks omitted)).  The movant must show that "the balance of these factors tips decidedly in favor of trial in the foreign forum" but "if, when added together, the relevant private and public factors are in equipoise, or even if they lean only slightly toward dismissal, the motion to dismiss must be denied."  Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991) (internal citations omitted).

Although the plaintiff's choice of venue is ordinarily "a paramount consideration in any determination of a transfer request," Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970), district courts often give less deference to the plaintiff's choice where the operative facts giving rise to the action occurred in another district and the plaintiff chooses a venue of which he is not a resident.  See, e.g., Nat'l Mortgage Network, Inc. v. Home Equity Centers, Inc., 683 F. Supp. 116, 119 (E.D. Pa. 1988) (transferring action to alternative forum, and noting that plaintiff's choice "is deserving of less weight where none of the operative facts of the action occur in the forum selected by the plaintiff"); Fellner ex rel. Estate of Fellner v. Philadelphia Toboggan Coasters, Inc., CIV.A.05-2052, 2005 WL 2660351 (E.D. Pa. Oct. 18, 2005) ("However, when plaintiff brings suit in a district other than his home state, his venue choice is entitled to less deference." (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)).  Defendant contends – and Plaintiff does not contest – that Plaintiff is a resident of Pittsburgh and that all operative facts, including the alleged FRSA-protected activity and the disciplinary action taken by Defendant, took place in the Western District of Pennsylvania.[4]

Because the operative facts arose in the Western District of Pennsylvania; many relevant, but out-of-state witnesses may reside within the 100-mile radius of the Western District of Pennsylvania (thus subjecting them to that court's subpoena power); and the local interest of the Western District of Pennsylvania in resolving this dispute, Defendant asks this Court to transfer venue to that district.  Moreover, although the Complaint does not establish the location of

---

[4] Defendant acknowledges that OSHA issued written findings from its Philadelphia office but argues that the location of the administrative review of Plaintiff's complaint should not be considered relevant to the inquiry.  Defendant also points out that Plaintiff filed his OSHA complaint with the Pittsburgh OSHA Area Office and that the ALJ trial took place in Pittsburgh. ECF 8-2 at 17.

16

Plaintiff's residence, Plaintiff did not contradict Defendant's statement, in its motion, that "Mullen is a resident of the city of Pittsburgh who worked in and around Pittsburgh."  ECF 8-2 at 16.  The only connection in this district is the offices of Plaintiff's attorney.  That is not sufficient.  See Standard Knitting, Ltd. v. Outside Design, Inc., 00-2288, 2000 WL 804434, *4 (E.D. Pa. June 23, 2000) (Kelly, J.) (finding that location of plaintiff's counsel in plaintiff's chosen forum is not, on its own, sufficient to justify maintaining venue).

After consideration of these arguments, and recognizing that Plaintiff offered no arguments to dispute Defendant's arguments, I agree that the circumstances weigh in favor of transfer.

**VII.    Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED, and Defendant's Motion to Transfer Venue is GRANTED.

O:\Caitlin\Civil\13-6348 (Mullen)\2014.4.4 MTD MoL.docx